IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

DEVONTE P. THOMPSON,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

Case No. 1:23-cr-10029-JEH-EIL-1

**Order**

    Now before the Court is Petitioner Devonte P. Thompson's Motion to Vacate pursuant to 28 U.S.C. § 2255 and request for counsel. For the reasons stated *infra*, the motion and request for counsel are denied.[1]

    On July 18, 2023, the grand jury charged Thompson with: Count 1: the unlawful possession of a machinegun, namely a Glock Conversion Device, in violation of 18 U.S.C. § 922(o); Counts 2 and 3: the unlawful transport of firearms, having knowingly possessed a firearm after being previously convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g); Count 4: the unlawful possession of a machinegun, in violation of 18 U.S.C. § 922(o); and Count 5: the unlawful possession of firearm ammunition, also in violation of 18 U.S.C. § 922(g). On February 29, 2024, Thompson entered a plea of guilty to all counts, and the Court accepted his plea. Subsequently, on August 8, 2024, the Court sentenced Thompson to a term of 84 months in the Bureau of Prisons, with the sentence to run concurrently on each of Counts 1 through 5, followed by three years of supervised release. The motion to vacate

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

1

under 28 U.S.C. § 2255 currently pending before the Court was filed on August 6, 2025.

His sole argument in his § 2255 petition is that his court-appointed counsel was ineffective for failing to appeal the denial of Thompson's pre-trial motion to dismiss, which argued that the indictment should be dismissed pursuant to the United States Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022).

However, the issue regarding the decision not to appeal the motion to dismiss was specifically addressed at length at the change of plea hearing. After a lengthy discussion on the record regarding the reasons why defense counsel would not be appealing the motion to dismiss, the Court stated to Thompson, "So to answer your question, though, there's going to be no direct appeal on your motion to dismiss from this Court." (D. 31 at ECF pp. 20). Thompson responded with, "Right." *Id*. Then, after Thompson had an off the record conferral with his defense counsel regarding whether he wanted to file a motion to reconsider the denial of his motion to dismiss or proceed with the change of plea, the Court asked Thompson, "All right. Mr. Thompson, any more questions?", to which Thompson replied, "No." *Id.* at pp. 20-21. At sentencing, the Court told Thompson, "You have appeal rights. You have 14 days to do so or ask Miss Douglas to do so on your behalf." (D. 32 at ECF p. 29).

"A decision not to file a notice of appeal at all will be appropriate if the lawyer has consulted adequately with her client about the decision." *Vinyard v. United States*, 804 F.3d 1218, 1225 (7th Cir. 2015), citing *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). The colloquy at the change of plea hearing makes clear that defense counsel did just that. And Thompson makes no claim in his petition that he instructed defense counsel to file a notice of appeal. *See Vinyard*, 804 F.3d at 1225 (noting that a defendant who instructs his attorney not to appeal cannot claim

deficient performance when the attorney complies with his wishes, although a lawyer who has been instructed to appeal and "inadvertently fails to do so" will be ineffective). Accordingly, the record conclusively shows that the Petitioner is not entitled to relief, making an evidentiary hearing is unnecessary. *See Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001). Likewise, given the clarity of the record on the lone issue raised by the Petitioner, neither a Government response nor appointment of counsel are necessary. Rule Governing 2255 Proceedings 4(b).

Finally, the Court finds that the Petitioner has not made a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253(c)(2). Reasonable jurists would not find the Court's assessment of the constitutional claims debatable or wrong. Therefore, a certificate of appealability is denied. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

*It is so ordered.*

Entered on August 15, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE